unidentified driver was acting in a manner which constituted a crime. The statute defines the crime of hindering prosecution in terms of preventing the apprehension of a criminal. But there was no evidence from which the jury could find the unidentified driver committed a crime. Accordingly, the judgment and sentence on the charge of hindering prosecution must be reversed.

We affirm convictions and sentences on the charges of unlawful use of a weapon, assault first degree, and armed criminal action. We affirm denial of post conviction relief under Rule 29.15. We reverse the judgment and sentence on the charge of hindering prosecution.

SMITH, P.J., and AHRENS, JJ., concur.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

### ORDER

PER CURIAM.

Consolidated appeal from convictions of forcible rape, and sexual abuse in the first degree in violation of §§ 566.030 and 566.100, RSMo 1986 (Repealed 1990); and from denial of Rule 29.15 motion for postconviction relief without an evidentiary hearing.

Convictions affirmed pursuant to Rule 30.25(b); denial of postconviction relief affirmed pursuant to Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**David E. DAVIS, Appellant.**

**David E. DAVIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 44035.**

Missouri Court of Appeals,
Western District.

March 3, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 28, 1992.

Application to Transfer Denied
June 2, 1992.

Dennis J.C. Owens, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

**MEDICAL CENTER OF
INDEPENDENCE,
Respondent,**

v.

**Elwyn L. CADY, Jr., Personal
Representative, Estate of Jane
Elliot Cady, Appellant.**

**No. WD 44851.**

Missouri Court of Appeals,
Western District.

March 3, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 28, 1992.

Application to Transfer Denied
June 2, 1992.

Elwyn L. Cady, pro se.

Juliann W. Graves, Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.